IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

CLAIR L. EGGIMAN,

    Plaintiff,

v.      Civil Action No. 1:16-cv-01579

VENTURES TRUST 2013-I-H-R BY
MCM CAPITAL PARTNERS, LLC,
ITS TRUSTEE, *et al.*,

    Defendants.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants Ventures Trust 2013 I-H-R and Servis One, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim.

This case concerns the assignment of a mortgage on Plaintiff Clair Eggiman's property located in Fairfax County, Virginia, and the subsequent foreclosure sale of the same property. Plaintiff borrowed $392,000.00 in August 2005, pursuant to an Adjustable Rate Note and Deed of Trust with Defendant Bank United. In December 2014, Bank United assigned Plaintiff's mortgage to Defendant Ventures Trust 2013 I-H-R ("Ventures Trust"), which later sold the property at a

foreclosure sale in January 2016 for $334,000.00 to Defendant Servis One, Inc., d/b/a BSI Financial Services ("BSI").

A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a Rule 12(b)(6) motion to dismiss, the court must accept all well-pled facts as true and construe those facts in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must provide a short and plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must state a plausible claim for relief to survive a motion to dismiss, Iqbal, 556 U.S. at 679. The court does not accept as true any "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000). If the complaint does not state a plausible claim for relief, the court should dismiss the case. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiff alleges five causes of action in his First Amended Complaint. The first cause of action is a breach of contract claim asserted only against Bank United. Since this Motion to Dismiss is brought only by Defendants Ventures Trust and BSI, this first claim is not discussed here. The second cause of action alleges both a quiet title claim and a slander of title claim. The third cause of action alleges violations of

"Federal and State Fair Debt Collection Acts." The fourth cause of action alleges violations of the Real Estate Settlement Procedures Act ("RESPA"). Finally, the fifth cause of action alleges a claim of wrongful foreclosure.

With respect to Plaintiff's quiet title claim, the Amended Complaint fails to state a plausible claim because Plaintiff does not allege that he had superior title through satisfaction of loan obligations. See Jones v. Fulton Bank, No. 3:13-cv-00126, 2013 WL 3788428, at *8 (E.D. Va. July 18, 2013) ("To assert a claim for quiet title, the plaintiff must plead that he has fully satisfied all legal obligations to the party in interest."). Because Plaintiff has not alleged facts to plausibly support the conclusion that Plaintiff had satisfied all loan obligations, he has not stated a claim for quiet title upon which recovery may be had.

Plaintiff further claims that BSI committed slander of title by claiming title to Plaintiff's property. Under Virginia law, a necessary element of a slander of title claim is false statements made with "malice or in reckless disregard of the truth." Poindexter v. Mercedes-Benz Credit Corp., 792 F.3d 406, 411 (4th Cir. 2015) (quoting Wright v. Castles, 232 Va. 218, 224 (1986)). Even assuming that BSI's claim to legal title of the property following the foreclosure sale is a false statement as Plaintiff alleges, Plaintiff has failed to plausibly allege

3

malice. Plaintiff has made conclusory allegations that BSI's "assertion of title to Plaintiff's property is wrongful and malicious" and that "BSI's conduct is malicious and reckless," but has not otherwise alleged any facts to support that conclusion. Plaintiff has therefore failed to state a claim upon which recovery may be had.

Plaintiff alleges that Ventures Trust and BSI violated "Federal and State debt collection laws." The Amended Complaint first references provisions of the Virginia Consumer Protection Act, Va. Code Ann. § 59.1-197, et seq., and alleges that Defendants violated that act because they "failed and refused to give Plaintiff the required notices and failed to provide Plaintiff full and complete proof of the mortgage debt." However, that act expressly excludes mortgage lenders, and thus does not apply to Defendants. Id. § 59.1-199(D).

Plaintiff also alleges that Defendants violated the federal Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692. The FDCPA applies only to "debt collectors," a term of art defined by the FDCPA. 15 U.S.C. § 1692a(6). "It is well-established in this District that debt collectors do not include creditors, mortgagers, mortgage servicing companies, trustees exercising their fiduciary duties, or assignees of debt so long as the debt was not in default at the time it was assigned." Velez v. Bank of New York Mellon Trust Co. N.A., No. 1:12-cv-

4

01008, 2012 WL 5305508, at *4 (E.D. Va. Oct. 23, 2012) (citing Ruggia v. Washington Mut., 719 F. Supp. 2d 642, 648 (E.D. Va. 2010)).

Neither Ventures Trust nor BSI qualifies as a debt collector. BSI was a mortgage servicer of Plaintiff's loan, and Plaintiff has not alleged that Ventures Trust purchased the property while it was in default. Thus, Plaintiff cannot state a plausible claim for recovery under the FDCPA.

Plaintiff next alleges that the Defendants violated provisions of RESPA by failing to provide Plaintiff with information relating to his mortgage upon his request. RESPA requires that covered creditors must respond to "qualified written requests" for information from a debtor. 12 U.S.C. § 2605(e). In order to qualify, a request must be in the form of written correspondence and must provide sufficient detail for the creditor to identify the borrower and the information sought. Id. However, Plaintiff's complaint does not allege that his requests were made in writing, or that the requests otherwise met the criteria for a qualified written request. Therefore, Plaintiff has not stated a claim for recovery under RESPA.

Plaintiff's final cause of action is a wrongful foreclosure claim, in which Plaintiff raises several challenges against Defendants' standing to foreclose on his property. As an initial

5

matter, Virginia law does not recognize an independent claim for wrongful foreclosure. See, e.g., Hien Pham v. Bank of New York, 856 F. Supp. 2d 804, 811 (E.D. Va. 2012) ("Virginia does not recognize a cause of action for wrongful foreclosure."). Thus, this cause of action fails to state a claim upon which recovery may be had for that reason. Plaintiff's request to certify this question to the Supreme Court of Virginia is denied.

Additionally, each of Plaintiff's arguments against Defendants' standing to foreclose fails to state a claim upon which recovery may be had. Plaintiff argues that the Deed of Trust was not properly assigned from Defendant Ventures Trust to Defendant BSI or Defendant Trustee Services. However, Plaintiff lacks standing to challenge the assignment, because Plaintiff was not a party to nor an intended beneficiary of the assignment. See Hardnett v. M&T Bank, 204 F. Supp. 3d 851, 858 (E.D. Va. 2016).

Plaintiff also argues that Defendant Ventures Trust did not have standing to conduct a foreclosure sale because it did not hold the original note at the time of the foreclosure. However, a transferee noteholder has the authority to enforce a note by appointing a substitute trustee and foreclosing on the underlying property. Horvath v. Bank of America, N.A., 641 F.3d 617, 622 (4th Cir. 2011). Thus, Plaintiff's challenge on this basis also fails.

Plaintiff next posits a "show-me-the-note" theory to challenge the foreclosure. However, such a theory is "contrary to Virginia's non-judicial foreclosure laws, which do not require secured creditors to come before the court to prove their authority to foreclose on secured property." <u>Chistoni v. HSBC Bank USA, N.A. for Wells Fargo Asset Sec. Corp. Mortg. Pass-Through Series 2006-11</u>, No. 1:17-cv-00315, 2017 WL 1963902, at *3 (E.D. Va. May 11, 2017). Therefore, this argument also fails to state a plausible claim for relief.

Plaintiff argues that the foreclosure was invalid because ownership of the Note and Deed of Trust was bifurcated. Under Virginia law, however, "the so-called 'split' of [a deed of trust from a promissory note] does not render the deed[] unenforceable nor does it leave the promissory note[] unsecured." <u>Merino v. EMC Mortg. Corp.</u>, No. 1:09-cv-1121, 2010 WL 1039842, at *3 (E.D. Va. Mar. 19, 2010).

Finally, Plaintiff argues that the foreclosure was invalid because it violated an automatic bankruptcy stay. To recover for a violation of an automatic bankruptcy stay, a plaintiff must show that the defendant violated a stay imposed by a bankruptcy action, that such violation was willful, and that the plaintiff was harmed. <u>Houck v. Substitute Trustee Services, Inc.</u>, 791 F.3d 473, 484 (4th Cir. 2015) (citing 11 U.S.C. § 362(k)). Plaintiff's claim is based on the allegation that Plaintiff

filed a Chapter 7 Bankruptcy Petition on January 27, 2016, the same day that the foreclosure sale took place. Plaintiff alleges that his bankruptcy petition instituted an automatic stay that was then violated by the foreclosure sale that same day. However, Plaintiff's complaint does not allege that the violation was willful, which is a necessary element for recovery. It does not allege that Defendants had knowledge of the bankruptcy petition filed the same day as the sale, nor does it allege that the bankruptcy petition was even filed before the sale took place.

For the foregoing reasons, Plaintiff cannot state a claim upon which recovery may be had. Thus, the Court finds that Defendants' Motion to Dismiss should be GRANTED. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September 11, 2017