IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

CLAIR L. EGGIMAN,                )
                                 )
    Plaintiff,                   )
                                 )
v.                               ) Civil Action No. 1:16-cv-01579
                                 )
VENTURES TRUST 2013-I-H-R BY     )
MCM CAPITAL PARTNERS, LLC,       )
ITS TRUSTEE, *et al.*,           )
                                 )
    Defendants.                  )

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants BankUnited, N.A., and Trustee Service's Motions to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim.

This case concerns the assignment of a mortgage on Plaintiff Clair Eggiman's property located in Fairfax County, Virginia, and the subsequent foreclosure sale of the same property. Plaintiff borrowed $392,000.00 in August 2005, pursuant to an Adjustable Rate Note and Deed of Trust with Defendant BankUnited. In December 2014, BankUnited assigned Plaintiff's mortgage to Defendant Ventures Trust 2013 I-H-R, which later sold the property at a foreclosure sale in January

2016 for $334,000.00 to Defendant Servis One, Inc., d/b/a BSI Financial Services. Defendant Trustee Services was the appointed Substitute Trustee of the Plaintiff's Deed of Trust and was involved with the January 2016 foreclosure sale.

A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a Rule 12(b)(6) motion to dismiss, the court must accept all well-pled facts as true and construe those facts in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must provide a short and plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must state a plausible claim for relief to survive a motion to dismiss, Iqbal, 556 U.S. at 679. The court does not accept as true any "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000). If the complaint does not state a plausible claim for relief, the court should dismiss the case. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiff alleges five causes of action in his First Amended Complaint. The first cause of action is a breach of contract claim asserted only against BankUnited. The second cause of action alleges both a quiet title claim and a slander of title claim. The third cause of action alleges violations of

"Federal and State Fair Debt Collection Acts." The fourth cause of action alleges violations of the Real Estate Settlement Procedures Act ("RESPA"). Finally, the fifth cause of action alleges a claim of wrongful foreclosure.

For the breach of contract claim, Plaintiff alleges that BankUnited did not provide notice for change of servicer, notice of acceleration, notice of default, or notice to reinstate the loan. Under the Deed of Trust, the Note and the Deed of Trust can be sold one or more times without prior notice to the borrower. Am. Compl., Ex. B, ¶20. Thus, an assignment of the Deed of Trust to Ventures Trust without prior notice was expressly permitted. Plaintiff also claims that he did not receive notice of the assignment or change in loan servicer. However, attached to the Amended Complaint is a letter dated December 11, 2014 from BSI to Plaintiff informing Plaintiff that Ventures Trust purchased the loan and BSI was the new servicer of the loan.

Plaintiff further alleges that he did not receive a notice of acceleration. The Note provides that the Lender may require immediate payment in full of all sums secured by the Agreement. Plaintiff fails to allege that BankUnited required immediate payment of the Loan at any time thereby accelerating the payment. For the notice of default, and the notice of right to reinstate the loan, the Deed provides that the Plaintiff is

3

required to give notice and opportunity to the Lender to cure any breach of the Deed of Trust prior to instituting legal action against the Lender. Am. Compl., Ex. B ¶20. Plaintiff fails to allege specific facts that he provided any notice or opportunity to cure to the Lender before initiating this action. Plaintiff has therefore not stated a plausible claim for breach of contract.

For Plaintiff's quiet title claim, the Amended Complaint fails to state a plausible claim because Plaintiff does not allege that he had superior title through satisfaction of loan obligations. See Jones v. Fulton Bank, No. 3:13-cv-00126, 2013 WL 3788428, at *8 (E.D. Va. July 18, 2013) ("To assert a claim for quiet title, the plaintiff must plead that he has fully satisfied all legal obligations to the party in interest."). Further, Defendant Trustee Services does not currently have a claim to the property nor has Plaintiff alleged that it does. For these reasons, Plaintiff has not stated a claim for quiet title upon which recovery may be had.

With respect to the slander of title claim, Plaintiff does not allege a claim against Defendant BankUnited or Defendant Trustee Services. Plaintiff has therefore not pled sufficient factual allegations to support a claim for slander of title against either defendant.

Plaintiff alleges that BankUnited and Trustee Services violated "Federal and State debt collection laws." The Amended Complaint first references provisions of the Virginia Consumer Protection Act, Va. Code Ann. § 59.1-197, et seq., and alleges that Defendant violated that act because they "failed and refused to give Plaintiff the required notices and failed to provide Plaintiff full and complete proof of the mortgage debt." However, that act expressly excludes banks, and thus does not apply to BankUnited. Id. § 59.1-199(D).

In regards to Defendant Trustee Services, that act does not require that Defendant provide "complete proof of the mortgage debt," but rather, that notice of the foreclosure sale is sent 14 days before the scheduled foreclosure sale. Id. § 59.1-199(A). Plaintiff acknowledges receiving notice of the foreclosure sale on January 19, 2016 for the January 27, 2016 foreclosure. Plaintiff does not allege any specific factual allegations as to which other provisions of the code Defendant Trustee Services may have violated.

Plaintiff also alleges that BankUnited and Trustee Services violated the federal Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692. The FDCPA applies only to "debt collectors," a term of art defined by the FDCPA. 15 U.S.C. § 1692a(6). "It is well-established in this District that debt collectors do not include creditors, mortgagers, mortgage

5

servicing companies, trustees exercising their fiduciary duties, or assignees of debt so long as the debt was not in default at the time it was assigned." <u>Velez v. Bank of New York Mellon Trust Co. N.A.</u>, No. 1:12-cv-01008, 2012 WL 5305508, at *4 (E.D. Va. Oct. 23, 2012) (citing <u>Ruggia v. Washington Mut.</u>, 719 F. Supp. 2d 642, 648 (E.D. Va. 2010)).

Plaintiff has not alleged, nor is it actually the case, that BankUnited qualifies as a debt collector. As Plaintiff noted in the Amended Complaint, BankUnited originated the loan. The term "debt collector" expressly excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent that such activity ... concerns a debt which originated by such person...." 15 U.S.C. §1692a(6)(F)(ii).

As it pertains to Trustee Services, 15 U.S.C. § 1692g requires certain disclosures to the debtor/borrower in the initial communication with the debtor/borrower, or within five days of the initial communication. Once that disclosure is made, the debtor/borrower has thirty days to dispute the debt or any portion thereof; otherwise the debt is statutorily considered to be valid.

Plaintiff does not allege in the pleadings that he stated or gave proof of when he disputed the debt, what part of the

6

debt was disputed, or when a response was due and what response if any was received.

Plaintiff next says that Trustee Services breached its fiduciary duties to Plaintiff and in doing so committed unfair and deceptive collection practices in violation of the FDCPA. However, Plaintiff makes conclusory allegations and fails to plead with factual support how Trustee Services breached any of its fiduciary duties owed to Plaintiff. Thus, Plaintiff cannot state a plausible claim for recovery under the FDCPA.

Plaintiff alleges that the Defendants violated provisions of RESPA by failing to provide Plaintiff with information relating to his mortgage upon his request. RESPA requires that covered creditors must respond to "qualified written requests" for information from a debtor. 12 U.S.C. § 2605(e). In order to qualify, a request must be in the form of written correspondence and must provide sufficient detail for the creditor to identify the borrower and the information sought. Id. However, Plaintiff's complaint does not allege that his requests were made in writing, or that the requests otherwise met the criteria for a qualified written request. Therefore, Plaintiff has not stated a claim for recovery under RESPA.

Plaintiff's final cause of action is a wrongful foreclosure claim. As an initial matter, Virginia law does not recognize an independent claim for wrongful foreclosure. See, e.g., Hien Pham

v. Bank of New York, 856 F. Supp. 2d 804, 811 (E.D. Va. 2012) ("Virginia does not recognize a cause of action for wrongful foreclosure."). Thus, this cause of action fails to state a claim upon which recovery may be had for that reason. Plaintiff's request to certify this question to the Supreme Court of Virginia is denied.

Additionally, Plaintiff failed to assert any factual allegations that BankUnited foreclosed on Plaintiff's property or was involved in the foreclosure in any way. For Trustee Services, each of Plaintiff's arguments against Defendant's standing to foreclose fails to state a claim upon which recovery may be had. Plaintiff argues that the Deed of Trust was not properly assigned from Defendant Ventures Trust to Defendant BSI or Defendant Trustee Services. However, Plaintiff lacks standing to challenge the assignment, because Plaintiff was not a party to nor an intended beneficiary of the assignment. See Hardnett v. M&T Bank, 204 F. Supp. 3d 851, 858 (E.D. Va. 2016).

Plaintiff also argues that Trustee Services did not have standing to conduct a foreclosure sale because Ventures Trust did not hold the original note at the time of the foreclosure. However, a transferee noteholder has the authority to enforce a note by appointing a substitute

trustee and foreclosing on the underlying property. <u>Horvath v. Bank of America, N.A.</u>, 641 F.3d 617, 622 (4th Cir. 2011). Thus, Plaintiff's challenge on this basis also fails.

Plaintiff next posits a "show-me-the-note" theory to challenge the foreclosure. However, such a theory is "contrary to Virginia's non-judicial foreclosure laws, which do not require secured creditors to come before the court to prove their authority to foreclose on secured property." <u>Chistoni v. HSBC Bank USA, N.A. for Wells Fargo Asset Sec. Corp. Mortg.Pass-Through Series 2006-11</u>, No. 1:17-cv-00315, 2017 WL 1963902, at *3 (E.D. Va. May 11, 2017). Therefore, this argument also fails to state a plausible claim for relief.

Plaintiff argues that the foreclosure was invalid because ownership of the Note and Deed of Trust was bifurcated. Under Virginia law, however, "the so-called 'split' of [a deed of trust from a promissory note] does not render the deed [] unenforceable nor does it leave the promissory note[] unsecured." <u>Merino v. EMC Mortg. Corp.</u>, No. 1:09-cv-1121, 2010 WL 1039842, at *3 (E.D. Va. Mar. 19, 2010).

Finally, Plaintiff argues that the foreclosure was invalid because it violated an automatic bankruptcy stay. To recover for a violation of an automatic bankruptcy stay, a plaintiff must show that the defendant violated a stay imposed by a bankruptcy action, that such violation was willful, and that the plaintiff was harmed. <u>Houck v. Substitute Trustee Services, Inc.</u>, 791 F.3d 473, 484 (4th Cir. 2015) (citing 11 U.S.C. § 362(k)).

Plaintiff's claim is based on the allegation that Plaintiff filed a Chapter 7 Bankruptcy Petition on January 27, 2016, the same day that the foreclosure sale took place. Plaintiff alleges that his bankruptcy petition instituted an automatic stay that was then violated by the foreclosure sale that same day. However, Plaintiff's complaint does not allege that the violation was willful, which is a necessary element for recovery. It does not allege that Defendants had knowledge of the bankruptcy petition filed the same day as the sale, nor does it allege that the bankruptcy petition was even filed before the sale took place.

For the foregoing reasons, Plaintiff cannot state a claim upon which recovery may be had. Thus, the Court finds that Defendant BankUnited and Defendant Trustee Service's Motions to Dismiss should be GRANTED. An appropriate order shall issue.